[Crim. No. 12967. First Dist., Div. Three. Jan. 15, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
STEFAN WIEDERSPERG, Defendant and Appellant.

**COUNSEL**

Gerald D. Connor for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GOOD, J.**\*—On this appeal from an order denying a petition for writ of error *coram nobis* defendant contends that the trial court erred in its holding that it did not have jurisdiction to entertain the petition. We agree and remand the cause to the trial court for its consideration of the merits.

On December 20, 1973, defendant Stefan Wiedersperg, through counsel, filed a petition for writ of error *coram nobis* and a notice of motion to vacate judgment in San Francisco Superior Court. The petition and supporting declaration alleged in substance as follows: On August 26, 1968, defendant was found guilty of possession of marijuana. The issue of guilt had been submitted on the transcript of the preliminary hearing. He was fined $100, and placed on three years probation. On December 3, 1969, defendant's motion for expungement of the record and conviction was granted, pursuant to section 1203 4 of the Penal Code. At the time of the 1968 proceedings defendant's attorney did not know, and had no reason to know, that defendant was an alien born in Austria. He had been in this country since the age of 10, when he entered with his parents in 1957, and he had no outward appearances of not having been native born. Subsequent to the 1969 expungement of

*\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.*

the conviction, defendant was ordered to appear before the Immigration and Naturalization Service, which ultimately determined that he should be deported because of his conviction.[1]

The declaration also states that if counsel had known of his client's alien status he would not have proceeded with the case as he had, but would have attempted to arrive at some other disposition, such as a guilty plea to presence in a place where drugs are used (Health & Saf. Code, § 11365, formerly § 11556), which is not a deportable offense. The attorney declared upon information and belief that the sentencing judge would not have imposed the sentence which he did had he been aware that it would subject defendant to deportation. This belief was supported by the fact that the judge had been quite lenient with defendant in several respects, i.e., allowing him to remain on bail, minimal fine at the time and minimal terms of probation.

Hearing was held on the petition on December 24, 1973, at which time the court found that it did not have jurisdiction to entertain a petition for writ of error *coram nobis,* because the judgment had been expunged. It therefore declined to exercise its discretion and denied the petition. Appellant filed timely notice of appeal.

*Did the trial court have jurisdiction to entertain the petition?*

█ The court held that because the guilty finding had been set aside, the not guilty plea reinstated, and the information dismissed, all pursuant to section 1203.4 of the Penal Code, it did not have jurisdiction to vacate the judgment. The judge said, " . . . the complete information has been wiped out from under me. I have nothing before me right now. That has been expunged . . . I have no jurisdiction." The question of the propriety of this ruling appears to be one of first impression.

Section 1203.4 provides that in any case in which the defendant has successfully completed the period of probation he may be permitted by the court to withdraw his guilty plea, after which the court shall dismiss the information against him, "and he shall thereafter be released from all penalties and disabilities resulting from the offense of which he has been convicted." However, the expungement procedure does not eradicate the conviction. Even though the information has been dismissed, the

---

[1] At oral argument counsel informed the court that defendant has been deported but that the case is not moot, because in the event that the trial court grants his petition he will be permitted to return to the United States, at his own expense.

"expunged" conviction may be pleaded and proved in a subsequent case as a prior conviction. Also, the defendant may be convicted of possession of a firearm by a prior felon, based upon his expunged conviction. (Pen. Code, § 1203.4, subd. (a).) Furthermore, the conviction exists for other purposes, such as suspending a physician's license for unprofessional conduct (*Meyer* v. *Board of Medical Examiners* (1949) 34 Cal.2d 62 [206 P.2d 1085]; disbarring an attorney (*In re Phillips* (1941) 17 Cal.2d 55 [109 P.2d 344, 132 A.L.R. 644]); res judicata in a civil action for nonsupport of a child (*People* v. *Majado* (1937) 22 Cal.App.2d 323 [70 P.2d 1015]; and, as in the case at bench, deportation (8 U.S.C.A. § 1251, subd. (a)(11); *Gonzalez de Lara* v. *United States* (5th Cir. 1971) 439 F.2d 1316).

Although the effect of expungement under section 1203.4 is to relieve the defendant of certain penalties and disabilities resulting from the conviction, it does not "affect the fact that his guilt has been finally determined according to law." (*Meyer* v. *Board of Medical Examiners, supra,* 34 Cal.2d at p. 65.) It follows, as urged by defendant herein, that because the judgment of conviction exists for some purposes after the granting of relief under section 1203.4, it should be subject to an attack by petition for writ of error *coram nobis,* since the writ directs its attack upon the lawfulness of the original proceeding and the judgment.

### *Did the petition state possible grounds for relief?*

█ The People urge that even if the lower court had jurisdiction, the petition did not state grounds for relief. We do not agree. █ A writ of error *coram nobis* may be granted when three requirements are met: (1) petitioner has shown that some fact existed which, without fault of his own, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of judgment; (2) petitioner has shown that the newly discovered evidence does not go to the merits of the issues tried; and (3) petitioner has shown that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. (*People* v. *Shipman* (1965) 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993].) █ The record contains declarations under penalty of perjury which satisfy these requirements. Defendant through his attorney declared that had the trial court known of defendant's alien status and the possibility of deportation, it would not have rendered the judgment which it did. The facts upon which he relies do not go to the merits of the case; and defendant and his attorney disclaim knowledge of the

possibility of subsequent deportation until hearings on that issue were begun.

We conclude that the trial court had jurisdiction and that the petition stated facts upon which the court, in its discretion and if the proof is sufficient, could grant the relief sought. (See *People* v. *Superior Court (Giron)* (1974) 11 Cal.3d 793 [114 Cal.Rptr. 596, 523 P.2d 636].)

The order is reversed, and the cause is remanded to the trial court for further proceedings in accordance with the views expressed in this opinion.

Draper, P. J., and Brown (H.C.), J., concurred.