Filed 4/26/16  P. v. Goncharuk CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B264362 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA077713) |
| v. | |
| VYACHESLAV GONCHARUK, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Thomas R. Sokolov, Judge.  Dismissed.

Myra Sun, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

_____

On January 12, 2010, while pleading nolo contendere to felony hit-and-run driving and to driving with a suspended license, Vyacheslav Goncharuk admitted to violating probation that had been granted following a conviction for an assault by means likely to inflict great bodily injury. Goncharuk filed a petition for a writ of error *coram nobis* on February 27, 2015, in which he sought to set aside his admission that he violated probation. The petition was summarily denied and Goncharuk appealed from that order. We agree with respondent that this appeal should be dismissed.

## PROCEDURAL HISTORY

Case No. NA077713

On May 12, 2008, Goncharuk pleaded guilty to one count of assault by means likely to produce great bodily injury in violation of Penal Code section 245, subdivision (a)(1).[1] During the plea, Goncharuk was advised, among other things, of the following: "If you are not a citizen, you are hereby advised that a conviction of the offense for which you have been charged will have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Imposition of sentence was suspended and he was placed on three years' probation. One of the conditions of probation was a term of 363 days in county jail.[2]

Case No. YA077019

On January 12, 2010, Goncharuk was arraigned for violations of Vehicle Code secton 20001, subdivision (a) (felony hit-and-run driving), and Vehicle Code section 14601.1, subdivision (a) (driving with a suspended license). On February 11, 2010, he pleaded nolo contendere to both counts.

During the plea, the following transpired: "[Prosecutor]: If you are on probation or parole in any other case, and we know that you are, this plea will constitute a violation in those other cases. You understand that? [¶] [Appellant]: Yes. [¶] [Prosecutor]: If you

---

[1] Two counts of battery and an enhancement of the assault count were dismissed as part of a plea bargain.

[2] He met this condition by time served in pretrial custody.

2

are not a citizen of the United States, this plea will cause you to be deported from the country, denied reentry, and denied naturalization as a citizen.  Do you understand all that? [¶] [Appellant]:  Yes."

Goncharuk was sentenced to the low term of 16 months in state prison.

During the same hearing, the court asked Goncharuk whether he admitted that he was in violation of probation in case No. NA077713 and Goncharuk said "yes."  The court then said, "All right.  Probation is revoked.  Remains revoked.  You are sentenced to the low base term of two years in state prison."  This sentence was to run concurrently with the sentence in case No. YA077019.

Deportation

Goncharuk served his time in case Nos. NA077713 and YA077019.  According to the allegations of the petition for a writ of error *coram nobis*, the next events were as follows:  "In 2013, he was arrested for DUI.  After serving his DUI sentence, instead of being released, he was taken into immigration custody because the INS calculates that his concurrent 16 months imposed in 2010 as to the 2008 Long Beach case [NA077713], should be added to the 363-day sentence in the 2008 case, to make the 2008 case a deportable offense.  A legal resident, Goncharuk is currently in custody at the James A. Musick facility, facing deportation for committing an aggravated felony."

**THE RELIEF SOUGHT BY THE PETITION**

The relief the petition seeks is to "grant this petition for a writ of coram nobis as to the 2010 admission of a probation violation in the 2008 Long Beach [NA077713] case, enter a plea of 'not admitted' as to the alleged probation violation in NA-077713, and vacate the 16-month concurrent sentence imposed in 2010."

"A petition for a writ of *coram nobis* is the equivalent of a motion to vacate a judgment."  (*People v. Griggs* (1967) 67 Cal.2d 314, 316.)  This is a well-established

3

principle.[3]  Thus, if a court grants a petition for a writ of error *coram nobis*, the order that will issue is an order vacating the judgment.

In this case, the petition is seeking:  (1) to set aside the admission of a probation violation in case No. NA077713; (2) an order deeming the probation violation to have been denied in case No. NA077713; and (3) to vacate the sentence imposed in case No. YA077019.

The admission of a probation violation is an interlocutory event.  An order deeming the probation violation to have been denied is an interlocutory order and is not a final judgment.  This is not the occasion for a general discussion of the writ of error *coram nobis*;[4] suffice it to say, as we already have noted, that procedurally this writ is the functional equivalent of motion to vacate a judgment.  The power to vacate a judgment does not also empower the court to enter miscellaneous orders that are interlocutory in nature, especially in a case that has been terminated by a final judgment, as is true of case No. NA077713.  Thus, it appears that the relief the petition is seeking vis-à-vis case No. NA077713 is not available under a writ of error *coram nobis*.  However, vacating the judgment in case No. NA077713 would have the effect of setting aside the violation of probation.  We point out below why there are no grounds to vacate this judgment.

The only procedural device for vacating the 16-month sentence imposed in case No. YA077019 is an order vacating the judgment in that case.  However, the record is barren of any reason that would justify vacating this judgment.

---

**3**    "A petition for a writ of error *coram nobis* is the legal equivalent of a simple motion to vacate a judgment."  (Prickett, *The Writ of Error Coram Nobis in California* (1990) 30 Santa Clara L.Rev. 1, 19.)

**4**    The early California experience, as well as modern California law, on *coram nobis* is discussed in Prickett, *The Writ of Error Coram Nobis in California*, *supra*, 30 Santa Clara L.Rev. at pages 7-24.

4

**THE PETITION'S CENTRAL CONTENTON**

The petition contends that in 2010 Goncharuk's counsel, having been told by Goncharuk that he was a U.S. citizen, was not aware of the fact that the admission of the probation violation in case No. NA077713 could have adverse immigration consequences. On appeal, Goncharuk points to the fact that in admitting to the probation violation in 2010 in case No. NA077713, he was not warned that this admission could have adverse immigration consequences. Putting the same point somewhat differently, the fact that Goncharuk did *not* know in 2010 was that the admission of the probation violation would have adverse immigration consequences.

**ERRORS OF FACT AND LAW**

"The uniform conclusion of the decisions is that the function of a writ of error *coram nobis* is to correct an error of fact. It never issues to correct an error of law." (*People v. Reid* (1924) 195 Cal. 249, 258.) "Because the writ of error *coram nobis* applies where *a fact* unknown to the parties and the court existed at the time of judgment that, if known, would have prevented rendition of the judgment, '[t]he remedy does not lie to enable the court to correct errors of law.'" (*People v. Kim* (2009) 45 Cal.4th 1078, 1093, original italics.)

**"**To qualify as the basis for relief on *coram nobis*, newly discovered facts must establish a basic flaw that would have *prevented rendition of the judgment*. . . . New facts that would merely have affected the willingness of a litigant to enter a plea, or would have encouraged or convinced him or her to make different strategic choices or seek a different disposition, are not facts that would have prevented rendition of the judgment." (*People v. Kim*, *supra*, 45 Cal.4th at p. 1103, italics added.) The "basic flaw" that would have "prevented rendition of the judgment" must *unerringly* point to innocence and must be such as to "undermine[] the entire case of the prosecution." (*In re Kirschke* (1975) 53 Cal.App.3d 405, 414-415, fn. 1, citing *In re Imbler* (1963) 60 Cal.2d 554, 570, and *In re Lindley* (1947) 29 Cal.2d 709, 723-724.)

Wrong advice about immigration consequences is not grounds for the issuance of a writ of error *coram nobis*. "[T]he facts that [the appellant] alleges—that if he had been

5

adequately advised by his trial counsel as to the immigration consequences he would not have entered the plea—were facts that would have affected his willingness to enter the plea, and would have encouraged or convinced him to make different strategic choices or to seek a different disposition—but they 'are not facts that would have prevented rendition of the judgment.' (*People v. Kim*, *supra*, 45 Cal.4th at p. 1103.)." (*People v. Aguilar* (2014) 227 Cal.App.4th 60, 73.)

## THERE ARE NO GROUNDS TO VACATE THE JUDGMENTS

The "fact" on which Goncharuk relies is that he did not know in 2010 that in admitting he violated probation he became susceptible to being deported. However, that Goncharuk allegedly did not know he could be deported once he admitted the probation violation, even assuming this to be true,[5] would not have prevented the entry of judgment. This "fact" certainly does not point unerringly to innocence nor does it affect the prosecution's case in the slightest. (See *In re Kirschke*, *supra*, 53 Cal.App.3d 405, 414-415, fn. 1.) Thus, this fact may be newly discovered but it simply has no effect on the validity of the judgment in case No. NA077713, when that judgment is challenged by a petition for a writ of error *coram nobis*.

Goncharuk cites *People v. Wiedersperg* (1975) 44 Cal.App.3d 550, also involving the deportation of an alien, as a case where the appellate court found that the allegations of the *coram nobis* petition stated "possible grounds for relief." This decision was severely criticized in *People v. Kim*, *supra*, 45 Cal.4th at pages 1103-1104. We set forth the background of *People v. Wiedersperg,* as seen by the court in *People v. Kim*, in the margin.[6] The Supreme Court noted that *People v. Wiedersperg* suggested that the alleged

---

[5] He was advised in 2008 and again in 2010, while in the process of admitting the probation violation, that his plea in 2008 and admission of a probation violation in 2010 could lead to deportation. Goncharuk's claim that he did not understand what he was told is not credible.

[6] "In arguing to the contrary, defendant relies heavily on *People v. Wiedersperg* [, *supra*,] 44 Cal.App.3d 550, but that decision cannot bear the weight of his argument. In that case, an Austrian national was charged with having committed a minor drug

6

error was one of fact and not of law (45 Cal.4th at p. 1103) and then went on to state: "We disagree. The *Wiedersperg* court never explains why it considered allegations of alienage an error of fact and not of law, nor why such an allegedly unknown fact would have prevented rendition of the judgment. [Citation] Later courts have found the opinion unpersuasive. As the Court of Appeal explained in *People v. Soriano* [1987] 194 Cal.App.3d [1470] at page 1475, the decision of the *Wiedersperg* court 'was an extremely limited one. It found only that the trial court to whom the writ was directed had erred in finding it had no jurisdiction to consider the petition, and that [the petitioner] had stated facts which, if they could be proven, would permit issuance of the writ in the discretion of the trial court.'" (*People v. Kim*, *supra*, 45 Cal.4th at pp. 1103-1104.)

We decline to follow *People v. Wiedersperg*.

When it comes to the judgment in case No. YA077019, the petition advances no reason or grounds for vacating this judgment. In fact, the only reason to vacate the 16-month sentence is to reduce the time of incarceration for purposes of deportation. That, of course, is not a reason to vacate the judgment under a writ of error *coram nobis*.

In sum, we are faced with two judgments, neither of which is remotely susceptible to a collateral attack under a petition for a writ of error *coram nobis*. The superior court quite properly denied the petition summarily.

### THE APPEAL MUST BE DISMISSED

Since the petition did not state facts sufficient to invoke the jurisdiction of the superior court, the court was justified in denying the petition summarily. (*People v.*

---

offense. He submitted the case on the preliminary hearing transcript, was convicted, and served his probation. Later, he successfully convinced the trial court to expunge the conviction. He was thereafter deported but filed a petition for a writ of error *coram nobis* seeking to vacate his conviction on the ground that at the time of his plea no one knew he was an alien. The trial court denied the *coram nobis* petition on the ground the court lacked jurisdiction because the conviction had already been expunged. [Citation.] The appellate court disagreed on the jurisdictional point and remanded, opining that the trial court, 'in its discretion and if the proof is sufficient, could grant the relief sought.' [Citation.]" (*People v. Kim, supra,* 45 Cal.4th at p. 1103.)

7

*Shipman* (1965) 62 Cal.2d 226, 230; *In re Nunez* (1965) 62 Cal.2d 234, 236.) An order summarily denying a petition for a writ of error *coram nobis* is not appealable. (*People v. Hemphill* (1968) 265 Cal.App.2d 156, 160.)

The foregoing amply justifies a dismissal of this appeal. We note, however, for the guidance of counsel that the petition's prayer for relief, properly analyzed, was not cognizable under a writ of error *coram nobis*. This would also have justified a summary denial of the petition.

## DISPOSITION

The appeal from the order denying the petition for a writ of error *coram nobis* is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.


8