Filed 5/19/16  P. v. Cardona CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B263671 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A978402) |
| v. | |
| OSCAR W. CARDONA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Scott M. Gordon, Judge.  Reversed with directions

Eduardo A. Paredes for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M Roadarmel, Jr., and Steven D. Matthews, Supervising Deputy Attorneys General, and David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Oscar W. Cardona appeals from the trial court's order denying his Penal Code section 1016.5, subdivision (b)[1] petition to vacate the judgment and permit him to withdraw his guilty plea to a charge of sale or transportation of cocaine. Defendant contends, and the Attorney General aptly concedes, that the trial court erroneously concluded it lacked jurisdiction to do so. We agree with the parties and therefore reverse the trial court's order and remand for consideration of the merits of defendant's motion.

## BACKGROUND

In 1988 defendant was charged with, and pleaded guilty to, a violation of Health and Safety Code section 11352, sale or transportation of cocaine. The trial court placed him on probation. In 2006 the trial court granted defendant's motion pursuant to section 1203.4 to set aside his plea and dismiss the complaint on the ground defendant had fulfilled the conditions of his probation.

In 2015 defendant filed his section 1016.5, subdivision (b) petition to vacate. The trial court denied the petition after concluding the prior relief granted under section 1203.4 deprived the court of further jurisdiction.

## DISCUSSION

" ' "A grant of relief under section 1203.4 is intended to reward an individual who successfully completes probation by mitigating some of the consequences of his conviction and, with a few exceptions, to restore him to his former status in society to the extent the Legislature has power to do so [citations]." ' [Citation.] However, such relief ' "does not, properly speaking, 'expunge' the prior conviction. The statute does not purport to render the conviction a legal nullity. Instead, it provides that, except as elsewhere stated, the defendant is '"released from all penalties and disabilities resulting from the offense.". . . "That final judgment of conviction is a fact; and its effect cannot be nullified . . . by . . . the . . . order dismissing the action after judgment." ' " (*People v. Mgebrov* (2008) 166 Cal.App.4th 579, 584.) Granting a defendant relief under section

_____

[1] Undesignated statutory references are to the Penal Code.

1203.4 has no effect on the federal immigration consequences of a conviction. (*People v. Martinez* (2013) 57 Cal.4th 555, 560 (*Martinez.*)

Section 1016.5 requires the trial court to advise a defendant of potential immigration consequences of a guilty or no contest plea and, upon a defendant's motion, requires a trial court to vacate any plea for which a defendant was not so advised (§ 1016.5, subds. (a)–(b)), if the defendant establishes prejudice (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 199–200). "If, after January 1, 1978, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." (§ 1016.5, subd. (b).)

We review the trial court's denial of a section 1016.5 motion for abuse of discretion. (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 172.) No certificate of probable cause is required. (*People v. Arriaga* (2014) 58 Cal.4th 950, 960.)

Because a dismissal under section 1203.4 does not eradicate the conviction for all purposes, the 1988 judgment remains subject to attack by a motion under section 1016.5. (See *People v. Wiedersperg* (1975) 44 Cal.App.3d 550, 554–555 [coram nobis petition to vacate conviction to avoid deportation], superseded by enactment of section 1016.5, as stated in *People v. Kim* (2009) 45 Cal.4th 1078, 1103; see also *Martinez*, *supra* 57 Cal.4th at pp. 560, 568–569 [defendant potentially entitled to relief under § 1016.5 even though § 1203.4 relief previously granted]; *People v. Totari* (2002) 28 Cal.4th 876, 879–880 [same].) Accordingly, as the parties agree, the trial court erroneously denied defendant's motion on the basis of its belief that it lacked jurisdiction to entertain that motion. We

reverse the trial court's order and remand with directions to consider the merits of defendant's motion.

## DISPOSITION

The order of the trial court is reversed and the cause is remanded with directions for the trial court to consider the merits of defendant's motion.

NOT TO BE PUBLISHED.


LUI, J.

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.