Filed 6/18/14  Khodayari v. Mashburn CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| BAHMAN KHODAYARI, | B248058 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC448748) |
| v. | |
| CHARLES E. MASHBURN, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  Affirmed.

Bahman Khodayari, in pro. per., for Plaintiff and Appellant.

Klinedinst, Heather L. Rosing and Leah A. Plaskin for Defendant and Respondent.

Representing himself, appellant Bahman Khodayari previously sued respondent Charles Mashburn, his former criminal defense attorney in victim restitution and probation violation proceedings, alleging causes of action based on legal malpractice. (See *Khodayari v. Mashburn* (2011) 200 Cal.App.4th 1184 (*Khodayari I*).) We affirmed the trial court's sustaining of respondent's demurrer because appellant failed to allege actual innocence of the probation violations and made no showing that he obtained postviolation exoneration. (*Id.* at pp. 1196-1197.) However, we remanded with orders to stay the action because appellant's appeal from his probation violation was still pending. (*Id.* at p. 1197.)

Appellant unsuccessfully pursued his postconviction remedies and filed a second amended complaint against respondent for alleged legal malpractice. The trial court sustained respondent's demurrer without leave to amend because appellant was unable to show actual innocence of the probation violations. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Prior Appeal*

The following background is taken from our prior opinion:

"An investigation by the Bureau of Automotive Repair into appellant's business, State Auto Body & Paint Center, revealed that appellant had, among other things, inflated the cost of repairs, charged for repairs that were not made, and refused to release vehicles when payments were not made for unauthorized repairs. Based on the investigation, criminal charges were filed, and a jury convicted appellant of four counts of misdemeanor grand theft and three counts of misdemeanor insurance fraud. He was placed on 36 months of summary probation, ordered to serve 365 days in county jail, and ordered to pay

2

approximately $10,057 in restitution to four individual victims and approximately $15,000 in restitution to two insurance company victims. In September 2009, the criminal trial court referred appellant to a financial evaluator to determine his ability to pay restitution, and ordered him to cooperate.

"Throughout the criminal proceedings, appellant was represented by several different attorneys, both appointed and retained. Respondent was appointed to represent appellant in postconviction matters relating to alleged violations of probation for refusing to pay restitution and refusing to cooperate with the financial evaluator in determining his ability to pay." (*Khodayari I*, *supra*, 200 Cal.App.4th at p. 1187.)

We held in the prior appeal that all of appellant's claims in his complaint sounded in legal malpractice and that appellant was required to plead actual innocence of his probation violations and obtain postviolation exoneration. (*Khodayari I*, *supra*, 200 Cal.App.4th at pp. 1192, 1196.) Because appellant's appeal from the probation violation was pending at the time of the appeal, we remanded with orders to stay the action while appellant diligently pursued postconviction remedies. (*Id.* at p. 1197.)

*Appellant's Second Amended Complaint*

Pursuant to the remittitur in *Khodayari I*, on March 8, 2012, the trial court ordered the matter stayed while appellant pursued postconviction remedies. On March 28, 2012, appellant filed a second amended complaint against respondent, which is the operative pleading.[1] Appellant purported to allege 14 causes of

_____

[1]    Because appellant filed the complaint during the pendency of the trial court's stay of the matter, respondent filed an ex parte application for clarification of the court's order staying the case. Respondent asked that the court either order the complaint stricken or affirm that respondent should wait to file his responsive pleading until after the stay was

3

action:  fraud, intentional misrepresentation, concealment, deceit, constructive fraud, negligent misrepresentation, negligence, professional negligence, breach of fiduciary duty, intentional infliction of emotional distress, abuse of process, breach of contract, breach of implied covenant, violations of Business and Professions Code section 17200.  The claims were supported by the following allegations.

Appellant was convicted of seven misdemeanor violations in August 2008. In November 2008, respondent was appointed to represent appellant in restitution proceedings.  According to appellant, respondent repeatedly told him that he did not have time to work on appellant's case because he had "bigger, more important cases" to attend to.  After appellant was ordered to pay restitution, he attempted to meet with respondent and asked respondent to evaluate his case, but respondent failed to do so.

In October 2009, appellant met with a court-appointed financial evaluator, who subsequently told the court that appellant was uncooperative during the financial evaluation.  Respondent did not contest this characterization and, as a result, the court found appellant to be in violation of probation for failure to cooperate with the financial evaluator.

In November 2009, appellant told respondent he wanted to make small restitution payments, up to $50 per month, in order to show a good faith effort to compensate the victims.  Respondent did not communicate this proposal to the prosecution.  Appellant was incarcerated for violating his probation.

Appellant called his brother, Mohamad Khodayari (Mohamad), in December 2009, to ask him to contact respondent.  Respondent and the prosecution asked Mohamad to pay restitution on appellant's behalf, assuring Mohamad that the

lifted.  The court ruled that the matter was stayed until October 16, 2012, and that respondent's responsive pleading was due on November 14, 2012.

4

payment "would be held in safekeeping" in an account belonging to the City of Los Angeles, pending appellant's appeal. Respondent informed appellant of the arrangement at his restitution hearing, but appellant objected to the arrangement, again offering to pay $50 per month in restitution because of his lack of financial resources. Nonetheless, at a December 15, 2009 restitution hearing, Mohamad paid $10,057.16 in restitution on appellant's behalf. Mohamad subsequently has demanded repayment from appellant.

Appellant asserted in his complaint that he was innocent of the underlying convictions and the probation violation and that appeals of both the underlying convictions and the probation violations were pending before the Appellate Division of the Los Angeles Superior Court. He alleged that respondent failed to communicate his intention to make small restitution payments to the court, leading the court to conclude that he did not intend to pay any restitution.

In July 2012, the appellate division of the superior court affirmed the order finding appellant in violation of probation.[2] The court concluded that the evidence that appellant failed to cooperate was not disputed, pointing out that appellant failed to provide the financial evaluator with any of the documentation he requested. The court also noted that the trial court rejected appellant's testimony that he was unaware of the need to cooperate and found the credibility determination supported by the evidence. The court further reasoned that the trial court had evidence before it that appellant had assets in excess of $1 million and an excellent credit history, supporting the inference that he had the ability to pay restitution. The court found no error and found that appellant failed to establish

---

[2] The appellate division also affirmed appellant's underlying conviction.

5

that he was prejudiced by any alleged ineffective assistance of counsel, noting that it affirmed the underlying conviction in a separate appeal.

Appellant filed petitions for rehearing and applications for certification to the court of appeal regarding both his underlying conviction and his probation violation. Both petitions and applications were denied.

Appellant subsequently filed a petition for transfer of his probation violation from the appellate division to the court of appeal, asserting that he was wrongly convicted of the underlying misdemeanors and of the probation violation as a result of the ineffective assistance of counsel. He further asserted that his attorney representing him in his appeals was negligent. We denied the petition.[3]

In November 2012, respondent filed a demurrer to the complaint and a motion to strike portions of the complaint. On February 28, 2013, appellant filed an opposition. He argued, as he does on appeal, that he was wrongfully convicted, that the trial and appellate record were incomplete, and that he was in the process of "seeking writ or other extraordinary relief through habeas corpus, coram nobis, common law writ relief or other suitable post-appellate special review of his case."

The trial court sustained respondent's demurrer without leave to amend as to all appellant's causes of action. The court reasoned that appellant had failed to meet his burden of demonstrating actual innocence by failing to obtain reversal of the probation violation or other exoneration by postconviction relief. The court further reasoned that the actual innocence requirement applied to all appellant's causes of action, all of which were based on the contention that respondent failed to provide adequate representation. Because there were no pending appeals, and

---

[3] Appellant also filed a petition for transfer of his appeal of his underlying convictions from the appellate division to the court of appeal, again asserting ineffective assistance of trial counsel and appellate counsel. We denied the petition.

appellant had exhausted all his appeals, appellant was unable to meet his burden. The court therefore ordered the action dismissed with prejudice. Appellant filed a timely notice of appeal.

## DISCUSSION

"'""""On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law."""' [Citation.] In reviewing the complaint, we must assume the truth of all facts properly pleaded by the plaintiff and matters properly judicially noticed. [Citation.] However, we "do not assume the truth of contentions, deductions, or conclusions of fact or law and may disregard allegations that are contrary to the law or to a fact which may be judicially noticed." [Citation.]' [Citation.]" (*Khodayari I*, *supra*, 200 Cal.App.4th at p. 1189.)

"'While the decision to sustain or overrule a demurrer is a legal ruling subject to de novo review on appeal, the granting of leave to amend involves an exercise of the trial court's discretion. [Citations.] When the trial court sustains a demurrer without leave to amend, we must also consider whether the complaint might state a cause of action if a defect could reasonably be cured by amendment. . . . The plaintiff bears the burden of demonstrating a reasonable possibility to cure any defect by amendment. [Citations.] A trial court abuses its discretion if it sustains a demurrer without leave to amend when the plaintiff shows a reasonable possibility to cure any defect by amendment. [Citations.] If the plaintiff cannot show an abuse of discretion, the trial court's order sustaining the demurrer without leave to amend must be affirmed. [Citation.]' [Citation.]" (*Westamerica Bank v. City of Berkeley* (2011) 201 Cal.App.4th 598, 607 (*Westamerica*).) We conclude

7

that the trial court did not err or abuse its discretion in sustaining the demurrer without leave to amend because appellant did not plead actual innocence of the probation violations and obtain postviolation exoneration. Nor has he demonstrated a reasonable possibility of curing the defects in the complaint.

As in *Khodayari I*, all of appellant's claims sound in legal malpractice. (See *Khodayari I*, *supra*, 200 Cal.App.4th at p. 1191 ["[A]lthough appellant gives various labels to his causes of action, the alleged facts supporting the claims show that all of them are based on legal malpractice, the primary right being the right to competent representation in the proceedings involving restitution and the related probation violations."].) He therefore is required to demonstrate actual innocence of the probation violations. (*Id.* at p. 1196.)

Appellant concedes that he has as yet been unsuccessful in obtaining postviolation exoneration. Nonetheless, he argues that he should be given still more opportunities to demonstrate actual innocence.[4] However, the record indicates that he has exhausted his appeals. The appellate division of the superior court affirmed the probation violation, and denied his petition for rehearing and application for certification to the court of appeal. This court denied his petition for transfer of his probation violation from the appellate division to the court of appeal.

Appellant contends that he "should be allowed an opportunity to seek a writ or other extraordinary relief through habeas corpus, coram nobis, common law writ relief or other suitable post-appellate special review of his case."[5] We disagree.

---

[4]     Appellant argues that he is innocent of the underlying convictions. However, respondent represented appellant only in the restitution and probation violation proceedings. We therefore focus solely on the record of those proceedings.

[5]     Appellant concedes in his reply brief that he may not petition for a writ of habeas corpus. He is no longer in custody, and he was placed on probation for only 36 months in

8

"A writ of *coram nobis* is generally used to bring factual errors or omissions to the court's attention. [Citation.] 'The writ will properly issue only when the petitioner can establish three elements: (1) that some fact existed which, without his fault or negligence, was not represented to the court at the trial and which would have prevented the rendition of the judgment; (2) that the new evidence does not go to the merits of the issues of fact determined at trial; and (3) that he did not know nor could he have, with due diligence, discovered the facts upon which he relies any sooner than the point at which he petitions for the writ. [Citations.]' [Citations.]" (*People v. Ibanez* (1999) 76 Cal.App.4th 537, 544-545.)

In order to show due diligence, appellant "' . . . "must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ . . . ." [Citations.]' [Citations.] Thus, 'it is necessary to aver not only the probative facts upon which the basic claim rests, *but also the time and circumstances under which the facts were discovered*, in order that the court can determine as a matter of law whether the litigant proceeded with due diligence[.]' [Citation.]" (*People v. Carty* (2003) 110 Cal.App.4th 1518, 1528 (*Carty*).)

Appellant has not brought to our attention any facts that, through no fault of his own, were not presented during the restitution and probation violation proceedings and that would have changed the result of the proceedings. Nor has he demonstrated due diligence in pursuing extraordinary relief. We conclude that the

September 2008. (See Pen. Code, § 1473, subd. (a) [a writ of habeas corpus is available to a person unlawfully imprisoned or restrained of his liberty]; *In re Stier* (2007) 152 Cal.App.4th 63, 82 [remedy of habeas corpus not available to someone who "'is not in prison or on probation or parole or otherwise in constructive custody'"].)

9

trial court properly sustained respondent's demurrer and that appellant has not established a reasonable probability of amending his complaint to cure the defects.

Although appellant contends that he has been unable to prove his innocence because the record is not complete, he fails to aver what additional facts or evidence he could produce to demonstrate his innocence of the probation violation. The record contains a detailed docket of the underlying criminal proceedings, the court's restitution orders and the order to submit to financial evaluation. In addition, the record contains the entire transcripts of the November 2009 hearing and the December 2009 hearing, which show the arguments and testimony appellant presented in his defense. Despite his protestations that he is innocent of the probation violation, the record consistently shows appellant's unwillingness to make restitution and to cooperate with the financial evaluator.

At the November 2009 hearing, respondent told the court that appellant had made no payments and that appellant claimed to have no ability to pay. Appellant subsequently was given the opportunity to address the court, and he did not refute respondent's statement. Instead, he again claimed that he was cooperating, but he stated that he had not made any restitution payments and did not have the ability to do so. Nowhere is there any support for his assertions in the complaint that he offered to make $50 per month payments or that he ever showed any willingness to make restitution.

At the December 2009 probation violation hearing, it was clear that appellant's position was that he was unable to make any restitution payments. Appellant never indicated a willingness to pay and, in fact, denied that he knew that he was required to cooperate with the financial evaluator. The financial evaluator testified that, when he met with appellant, he showed appellant the court order requiring him to cooperate with the evaluation, but appellant refused to do

10

so. The financial evaluator therefore conducted an independent investigation and determined that appellant earned an annual salary of $1.1 million from his business and had owned several properties that he quitclaimed to his brother.

The record also indicates that appellant has not been diligent in pursuing postconviction remedies. Appellant was found in violation of probation in December 2009. He filed his first amended complaint against respondent in 2010 and his second amended complaint in March 2012. In his February 2013 opposition to respondent's demurrer, he argued that he was seeking some type of extraordinary relief, and he continues to make that claim in this appeal. Thus, not only has appellant failed to aver any probative facts upon which his claim of actual innocence rests, but he has failed to aver the time and circumstances of the discovery of any such facts in order to demonstrate that he has acted with due diligence. (See *Carty*, *supra*, 110 Cal.App.4th at p. 1528.)

Appellant also contends that the trial court abused its discretion in sustaining the demurrer without leave to amend. "If the plaintiff does not proffer a proposed amendment, and does not advance on appeal any proposed allegations that will cure the defect or otherwise state a claim, the burden of proof has not been satisfied. [Citations.]" (*Westamerica*, *supra*, 201 Cal.App.4th at pp. 613-614.) Appellant has not proffered a proposed amendment or advanced any proposed allegations that would cure the defect. He therefore has not satisfied his burden of demonstrating the trial court abused its discretion.

11

**DISPOSITION**

The order dismissing the matter with prejudice is affirmed.

Respondent is entitled to recover costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.


We concur:


MANELLA, J.


EDMON, J.*

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.