Filed 5/28/14  Certified for publication 6/18/14 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>STEVEN J. WEINBERG,<br><br>        Defendant and Appellant. | E057011<br><br>(Super.Ct.No. INC087958)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge.

Affirmed.

Steven J. Weinberg, for Defendant and Appellant.

Yvonne Ramirez-Browning for Plaintiff and Respondent.

I

INTRODUCTION

Defendant Steven J. Weinberg, an individual, appeals from an amended judgment

adding him as judgment debtor to a judgment against defendant Steven J. Weinberg, a

1

Professional Law Corporation (the "law corporation"), in the amount of $77,808.39.

The trial court found there was substantial evidence of Weinberg's liability as an alter ego of the law corporation. The trial court properly exercised its jurisdiction under Code of Civil Procedure section 187 to add Weinberg as a party to the judgment. We affirm the judgment.

## II

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2009, Wells Fargo Bank sued the law corporation and Weinberg, as an individual guarantor, for repayment of a business line of credit activated on August 1, 1997. The date of default was after September 24, 2008, and the amount owing was $57,075.51, plus interest and attorney's fees. The first, second, and third causes of action were against the law corporation. The fourth cause of action was against Weinberg on a guaranty.

### A. *The Demurrers and Summary Judgment*

The law corporation filed a verified answer and Weinberg filed a demurrer to the fourth cause of action on the grounds there was no writing memorializing the guaranty. (Civ. Code, § 1624.) Wells Fargo opposed the demurrer, arguing that a transcription of a tape recording of Weinberg's oral agreement constitutes the necessary writing (Evid. Code, § 250; *Darley v. Ward* (1980) 28 Cal.3d 257, 261) and that an exception exists for an oral guaranty that benefits the guarantor. (Civ. Code, § 2794, subd. (4).)

After the court sustained the demurrer with leave to amend, Wells Fargo filed an

2

amended complaint, adding new allegations to its fourth cause of action, specifically that "under the Line of Credit, Defendants agreed in a telephonic application which was electronically stored, and which electronic storage acts as the written guaranty promise, to pay Wells Fargo the amount equal to all funds advanced by Wells Fargo to said borrower under the Line of Credit." The court again sustained Weinberg's demurrer with leave to amend.

After further proceedings, Weinberg successfully demurred to the fourth cause of action of the second amended complaint. The court entered judgment in Weinberg's favor and against Wells Fargo in May 2010. After Wells Fargo prevailed on a summary judgment against the law corporation, the court entered a judgment in the amount of $57,075.51.

## B.  Alter Ego Liability

In April 2011, Wells Fargo filed a motion to amend the judgment and add Weinberg as a judgment debtor as an alter ego of the law corporation. (Code Civ. Proc., § 187; *Misik v. D'Arco* (2011) 197 Cal.App.4th 1065, 1072, 1074-1075, citing *NEC Electronics Inc. v. Hurt* (1989) 208 Cal.App.3d 772, 777.) Wells Fargo asserted that Weinberg had drained the assets of the law corporation before dissolving it in June 2009. Then, under the name of "Steven J. Weinberg a Trial Lawyer," he continued to practice law at the same location as Steven J. Weinberg, a professional law corporation. A supporting declaration by Douglas A. Frymer described a debtor's examination conducted in January 2011, in which Weinberg and his wife could not explain 200 checks

3

identified as "loan repayments" from the law corporation to the Weinbergs. The amount of the checks disbursed between December 14, 2006, and August 7, 2008, was $420,981.78. The law corporation closed its account with Wells Fargo in the summer of 2008. The law corporation was dissolved in June 2009 but Weinberg continued to conduct the same practice as a trial lawyer. The Weinbergs did not produce any corporate documents, such as minutes or resolutions at the debtor's examination.

In his opposition to Wells Fargo's motion to amend, Weinberg argued the motion was barred by res judicata and alter ego liability did not apply. Weinberg submitted a supporting declaration, attaching articles of incorporation for the law corporation, filed on October 26, 1981, and a shareholder's agreement dated November 1, 1981. Weinberg stated that, between 2003 and August 2008, he and his wife had loaned the law corporation $815,964. In August and September 2008, when the law corporation ceased doing business, it still owed Weinberg $155,000. Weinberg's wife, Stephanie A. Weinberg, also submitted a supporting declaration, claiming that the law corporation made loan repayments to Weinberg but functioned as a separate corporate entity.

At a hearing on May 25, 2011, the court denied the motion but granted Wells Fargo leave to amend its complaint to add an alter ego allegation. Then, on its own motion, the court vacated the order of May 25, 2011, and set the matter for further hearing, including further briefing on *Greenspan v. LADT LLC* (2010) 191 Cal.App.4th 486, and the issue of "whether the appropriate procedure would be to conduct an evidentiary hearing on the motion at which each side could call and cross-examine

4

witnesses." Both parties submitted additional briefing.[1]

At the continued hearing on June 23, 2011, the court ruled that the doctrines of res judicata and collateral estoppel did not apply. The court found the evidence showed that Weinberg was the alter ego of his professional corporation "[b]ecause it looks to me that you did a fairly obvious thing. You starved the corporation of revenue, continued your practice, and left, arguably, yourself, and your wife, and Wells Fargo holding the bag." Additionally, the court found that "when the corporation needed money, you wrote a check to the corporation and when you needed money, the corporation wrote you back a check." The court took the matter under submission.

Next Weinberg made an ex parte application to file additional evidence. The court took the application under submission and denied it.

On August 5, 2012, the court issued its written ruling granting Wells Fargo's motion to amend the judgment:

"Of course, plaintiff bears the burden of showing that Weinberg failed to keep his personal and professional corporation's affairs separate so that he should be held to pay the corporation's debts. Plaintiff must show (1) that there is such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable

---

[1] We revise our order of January 11, 2013, and grant the request to augment as to exhibit 5. We disregard the handwritten comments on the document.

5

result will follow.[] *Jack Farenbaugh & Son v. Belmont Construction*[,] *Inc.* (1987) 194 Cal.App.3d 1023, 1032.  Here, plaintiff offers evidence that Weinberg, who owned his professional corporation, stopped its operation, but continued to practice law as a sole proprietor using the same name, in the same location, using the same equipment.  Further, in the last 18 months of the corporation's existence, plaintiff argues, Weinberg paid himself and other family members $420,981.78 from the corporation.

"In opposition to the motion, Weinberg argued at length that the motion was barred by res judicata because the complaint included a cause of action against him to which the Court sustained a demurrer without leave to amend.  However, that cause of action was based upon an alleged guarantee and not on an alter ego theory; this is the first time that the alter ego theory has been litigated and, just as discussed in *Greenspan*, there is no issue or claim preclusion.  Next, Weinberg argued, that there is no factual basis for alter ego, that formation of a one-person corporation is not enough to create alter ego liability, that there is no evidence of a failure to disclose to third parties of the existence of the corporation and that there was no abuse or bad faith in the exercise of corporate control.  Indeed, argues Weinberg, he, like plaintiff, loaned money to the professional corporation and was not repaid all that he loaned.  [¶] . . . [¶]

". . . There is sufficient evidence that Weinberg failed to observe corporate formalities and to keep his personal and business expenses and funds separate.  [¶] Weinberg contends that the professional corporation was losing money, so he shut it down after paying as much of its debts as it could pay and that the professional

6

corporation is not under a duty to pay other creditors before it pays its shareholder. [¶] Weinberg does not address the contention that he starved the professional corporation of business by diverting to himself new cases as he closed the professional corporation. This is, in the Court's view, the decisive factor and is the one that would make it unjust for the Court to treat Weinberg and his professional corporation as separate."

Weinberg objected to the entry of judgment nunc pro tunc and filed a motion to vacate the judgment. The court denied the motion. Weinberg again filed objections. After taking the matter under submission, the court again overruled his objections and ordered the amended judgment to be entered on March 2, 2012. Weinberg appealed.

III

RES JUDICATA

Weinberg's primary argument is that res judicata bars Wells Fargo's amendment of the judgment because the trial court's ruling sustaining Weinberg's demurrer without leave to amend determined as a matter of law that Weinberg was not liable for the law corporation's debts on any theory—including alter ego— that could have been raised in the complaint. We disagree that res judicata applies.

Weinberg persistently argues that Wells Fargo alleged alter ego liability in its complaint and that it knew or should have known there were grounds to assert alter ego liability. The only reference to alter ego liability occurs in paragraph 5 in which Wells Fargo makes the boilerplate allegation that every defendant is the "agent, partner, joint venture, alter ego, servant or employee" of the other defendants. There is no effort made

7

to plead a claim based on the elements of alter ego liability. The issue of alter ego liability was not addressed in the demurrers. Wells Fargo had no reason to believe that the alter ego doctrine might apply. It was not litigated before judgment was entered against the corporation. Res judicata is not a bar to claims that arise after the initial complaint is filed. The lower court properly held that res judicata or claim preclusion did not apply.

Res judicata also does not operate because Weinberg's alter ego conduct was a separate and distinct harm from the law corporation's breach of contract. The motion to add Weinberg to the judgment sought a remedy, not for breach of contract, but for Weinberg's exercise of control over the law corporation that deprived Wells Fargo of the ability to collect the judgment against the law corporation for breach of contract. These are separate and distinct wrongs. In *Brenelli Amedeo, S.P.A. v. Bakara Furniture, Inc.* (1994) 29 Cal.App.4th 1828, the court considered a judgment against a corporation for breach of contract followed by suit to enforce judgment against the shareholders as alter egos. The court held, although both suits involved some of the same factual matters and concerned the same contractual obligation, the purpose and outcome were not the same. (*Id.* at p. 1841.)

In the interests of justice, the "'"greatest liberality is to be encouraged"'"" in the allowance of amendments brought pursuant to Code of Civil Procedure section 187. (*Greenspan v. LADT LLC, supra,* 191 Cal.App.4th at p. 508.) A Code of Civil Procedure section 187 motion to add a third party to a judgment offers the means to satisfy the

8

original judgment. (*Greenspan,* at p. 516.) A plaintiff can still "maintain an action upon the judgment." (Rest.2d, Judgments, § 18(1).) Even if Wells Fargo could have pursued a theory of alter ego, there was no bar to doing so after judgment. Code of Civil Procedure section 187 may be used, "'at any time so that the judgment will properly designate the real defendants.'" (*Greenspan,* at p. 517.)

Res judicata and collateral estoppel did not preclude Wells Fargo from conducting a judgment debtor examination of Weinberg or from seeking to add him as a judgment debtor under Code of Civil Procedure section 187 on an alter ego theory: "'A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract . . . , but rather, procedural, i.e., to disregard the corporate entity as a distinct defendant and to hold the alter ego individuals liable on the obligations of the corporation where the corporate form is being used by the individuals to escape personal liability, sanction a fraud, or promote injustice.'" (*Greenspan v. LADT LLC, supra,* 191 Cal.App.4th at p. 516, citing *Hennessey's Tavern, Inc. v. American Air Filter Co.* (1988) 204 Cal.App.3d 1351, 1359.) Amending judgments under Code of Civil Procedure section 187 is an equitable procedure. (*McClellan v. Northridge Park Townhome Owners Assn.* (2001) 89 Cal.App.4th 746, 742.) Because Wells Fargo is not seeking new relief but to enforce its judgment, res judicata does not apply.

IV

SUBSTANTIAL EVIDENCE

In any event, substantial evidence showed that Wells Fargo did not know about the

9

facts supporting alter ego liability until June 2011 when it conducted the judgment debtor examination. (*NEC Electronics Inc. v. Hurt, supra,* 208 Cal.App.3d at pp. 776-777.) Appellate review determines whether there is any substantial evidence, contradicted or uncontradicted, that supports the trial court's findings. (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870.) The appellate court has no power to judge the effect or value of the evidence, to weigh the evidence, to consider the credibility of witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn from the conflicts. The appellate court views factual matters most favorably to the prevailing party. (*Orange County Employees Assn. v. County of Orange* (1988) 205 Cal.App.3d 1289, 1293.)

In particular, Wells Fargo did not know until January 2011, that after dissolving the law corporation in June 2009, Weinberg continued doing business as a sole proprietor under the same name, using the same offices, employees, equipment, website, and phone number. The building where the law corporation operated was owned by Weinberg and his wife since 2003. The corporation paid for Weinberg's vehicle.

Additionally, before dissolution, Weinberg disbursed all the corporate assets to family members and himself. Weinberg withdrew $420,981.78 during the corporation's last 18 months of existence and paid it to himself and family members. Weinberg and his wife claimed they had "no idea" what the monies were for.

The corporation was a mere shell or conduit for Weinberg's affairs. Corporate formalities were completely lacking. Weinberg did not produce corporate minutes,

10

resolutions or authorizations for the debtor's examination. The trial court found that, "Weinberg hindered discovery of facts relating to his alter ego liability" by objecting to all of the written discovery and refusing to attend a deposition.

The trial court was in the best position to determine the veracity of Weinberg's claims. At hearings in May and September 2011, the court questioned Weinberg closely about his denial of being an alter ego for the law corporation, the absence of documentation for the so-called loans from him to the corporation, and how Weinberg handled his continuing law practice as a corporation and an individual.

After reviewing the evidence and Weinberg's demeanor, the trial court held that there was sufficient evidence that Weinberg had failed to observe corporate formalities and to keep his personal and business expenses and funds separate and that Weinberg had controlled the law corporation. Viewing this evidence favorably to Wells Fargo, the judgment must be affirmed.

V

ADDITONAL EVIDENCE

Weinberg contends the trial court unreasonably abused its discretion by not granting his ex parte application to submit additional evidence in the form of corporate records and documents. (*Monroy v. City of Los Angeles* (2008) 164 Cal.App.4th 248, 265.) We disagree.

Code of Civil Procedure section 187 contemplates a noticed motion. The trial court is not required to hold an evidentiary hearing. (*Greenspan v. LADT LLC, supra,*

11

191 Cal.App.4th at pp. 507-508.)  Evidence in the form of declarations or deposition testimony is sufficient.  The court found this was particularly true where Weinberg had in his exclusive possession the evidence to show he was not the alter ego of his professional corporation.  Weinberg did not supply such evidence at the debtor's examination or in his opposition to the motion to amend.  He also resisted Wells Fargo's discovery efforts.  He only made a belated effort to offer the necessary showing after at least three previous opportunities to do so.  The trial court did not abuse its discretion in denying the ex parte application.

V

CONCLUSION

Res judicata does not apply and substantial evidence supports the trial court's ruling.  The trial court properly granted the motion to add Weinberg as a third party to the judgment.  We affirm the judgment.

Wells Fargo, the prevailing party, shall recover its costs on appeal.


CODRINGTON
J.

We concur:


RICHLI
Acting P. J.


KING
J.

12

Filed 6/18/14                **CERTIFIED FOR PUBLICATION**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL | E057011 |
| ASSOCIATION, | |
| Plaintiff and Respondent, | (Super.Ct.No. INC087958) |
| v. | |
| STEVEN J. WEINBERG, | ORDER |
| Defendant and Appellant. | |

IT IS ORDERED that the June 16, 2014, request for publication of the opinion

filed May 28, 2014, is GRANTED.  The opinion meets the standard for publication as

specified in California Rules of Court, rule 8.1105(c).

CODRINGTON<br>J.

RICHLI<br>Acting P. J.

KING<br>J.

See attached list

1