Filed 8/29/16  P. v. Garcia CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESUS ALEJANDRO GARCIA,<br><br>    Defendant and Appellant. | D068728<br><br><br>(Super. Ct. No. SCD207356) |

APPEAL from an order of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

J. Michael Kusnir for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Julie L. Garland, Assistant Attorneys General, Scott C. Taylor and Daniel John Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

In August 2007, Jesus Alejandro Garcia pleaded guilty to one count of unlawful sexual intercourse with a minor more than three years younger than himself (Pen. Code,[1]

---

1       Undesignated statutory references are to the Penal Code.

§ 261.5, subd. (c)).  The trial court sentenced him to three years formal probation on condition he serve 90 days in the custody of the sheriff.  In June 2015, the trial court denied Garcia's petition for writ of *coram nobis* seeking to vacate the judgment and set aside his guilty plea.  Garcia appeals from the order denying his petition.  He contends he was not properly advised or admonished regarding the immigration consequences of his guilty plea and that as a result, his conviction should be vacated.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On August 23, 2007, Garcia pleaded guilty to one count of unlawful sexual intercourse with a minor more than three years younger than himself.  Though he initialed several boxes on his plea agreement form indicating the consequences of his guilty plea, he did not initial box 7d indicating that his plea could result in his removal or deportation.[2]  At Garcia's plea hearing, Garcia responded in the affirmative when the court asked him if he had talked to his lawyer to discuss his rights, the contents of the change of plea form, and the consequences of his plea.  In response to the court's questions, Garcia agreed he had signed the form and initialed the boxes after he read and understood the contents and after he talked to his lawyer.  The court told Garcia:  "If you're not a United States citizen, you can be deported, denied admission into the United States and denied naturalization as a result of this plea.  [¶]  Do you understand that?"

---

[2]     That paragraph reads:  "I understand that if I am not a U.S. citizen, this plea of Guilty/No Contest may result in my removal/deportation, exclusion from admission to the U.S. and denial of naturalization.  Additionally, if this plea is to an "Aggravated Felony" listed on the back of this form, then I **will** be deported, excluded from admission to the U.S., and denied naturalization."  The record contains only page two of four of the plea form.

Garcia responded, "Yes Ma'am." In November 2007, the court sentenced Garcia to three years of formal probation on the condition that he serve 90 days in the custody of the sheriff.

About seven and a half years later, in March 2015, Garcia filed a motion to vacate his judgment in the form of a petition for writ of error *coram nobis*. Asserting that immigration proceedings had been brought against him, Garcia argued the record of his plea form, which showed the absence of his initials in box 7d on page two of the form and a line drawn through the box, showed he was not advised his plea could have negative consequences in any later immigration proceedings. According to Garcia, "[t]his indicates thought was put into the Pleading Form by counsel and the proper advice as to immigration status was not given." Garcia also submitted a declaration asserting on information and belief that his brother and two other individuals were in a sexual relationship with the victim but his brother was not subjected to DNA testing. He averred that his counsel did not advise him there could be immigration consequences arising from his plea, and he did not recall the court giving him an immigration advisal.

The People opposed the motion. They argued Garcia had received a sufficient advisement of the immigration consequences of his plea before he entered into it and his claim was not cognizable on a writ of *coram nobis*. They argued his ineffective assistance of counsel claim was likewise procedurally barred, but Garcia additionally could not demonstrate prejudice in view of the court's oral admonition. Finally, the People argued Garcia's claim of new information was meritless and his nearly eight-year delay rendered it untimely for purposes of *coram nobis* review; specifically, they asserted

3

the victim's relationship with his brother was not newly discovered and presented

evidence that Garcia's brother was in fact DNA tested for paternity purposes.

The trial court denied Garcia's motion, ruling the superior court judge at the plea

hearing properly advised him of the immigration consequences of his plea, and the court's

admonishment substantially complied with section 1016.5.  Garcia filed this appeal,

challenging the validity of his plea.

DISCUSSION

I. *Garcia is Not Entitled to Relief Via a Writ of Error* Coram Nobis

"The writ of error *coram nobis* is a nonstatutory, common law remedy whose

origins trace back to an era in England in which appeals and new trial motions were

unknown.  . . .  The grounds on which a litigant may obtain relief via a writ of error

*coram nobis* are narrower than on habeas corpus [citation]; the writ's purpose 'is to secure

relief, where no other remedy exists, from a judgment rendered while there existed some

fact which would have prevented its rendition if the trial court had known it and which,

through no negligence or fault of the defendant, was not then known to the court'

[citation]."  (*People v. Kim* (2009) 45 Cal.4th 1078, 1091 (*Kim*), fn. omitted.)

The writ " 'is granted only when three requirements are met.  (1) Petitioner must

"show that some fact existed which, without any fault or negligence on his part, was not

presented to the court at the trial on the merits, and which if presented would have

prevented the rendition of the judgment." [Citations.]  (2) Petitioner must also show that

the "newly discovered evidence . . . [does not go] to the merits of issues tried; issues of

fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for

4

new trial." [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner "must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ . . . ." ' " (*Kim*, *supra*, 45 Cal.4th at p. 1093, quoting *People v. Shipman* (1965) 62 Cal.2d 226, 230.) *Coram nobis* does not lie to enable the court to correct errors of law, including claims of ineffective assistance of counsel. (*Kim*, at p. 1093.)

Here, Garcia has not demonstrated that facts existed at the time of his plea satisfying the strict requirements for such relief from a final judgment. That is, he has not shown " ' "some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment." ' " (*Kim*, *supra*, 45 Cal.4th at pp. 1102, 1103.) Garcia makes factual assertions that his brother was in a sexual relationship with the victim and not subjected to DNA testing. We note that these assertions are contradicted by the June 4, 2007 DNA analysis report submitted by the People. But Garcia makes no effort to establish with any specificity when he learned of these asserted facts (accord, *Kim*, at pp. 1098-1099), or show they could not have been discovered by him with diligence at any time substantially earlier than the time of his motion, which was filed nearly eight years after his conviction and sentencing. (*Kim*, at pp. 1093, 1099 [*coram nobis* relief barred where defendant "fails to allege with specificity 'the time and circumstances under which the facts were discovered' so as to permit th[e] court to

5

'determine as a matter of law whether [defendant] proceeded with due diligence' "].) Absent a showing of the requisite facts and diligence, Garcia's claim fails on this procedural ground alone.

Garcia's claim otherwise that his counsel was constitutionally ineffective for failing to advise him of the immigration consequences of his plea "relates more to a mistake of law than of fact" and courts have long held it is an inappropriate ground for *coram nobis* relief.  (*Kim*, *supra*, 45 Cal.4th at p. 1104; see also *People v. Aguilar* (2014) 227 Cal.App.4th 60, 64, 69-70.)  Garcia's claims provide no grounds for *coram nobis* relief.

  II.  *Garcia Is Not Entitled to Relief Under Section 1016.5 or* Padilla v. Kentucky

A.  Padilla v. Kentucky

Garcia further maintains he is entitled to relief under section 1016.5 and *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*), which California codified in 2016.  (§ 1016.2; Stats. 2015, ch. 705, § 1.)  He maintains such relief is warranted because his counsel did not advise him he could be subject to deportation or exclusion as a result of his guilty plea, and additionally, the court did not point out the discrepancy between the pleading form and its oral admonishment.

Garcia's reliance on *Padilla* as a basis for his motion is unavailing.  In *Padilla*, the United States Supreme Court held counsel's affirmative misadvice or failure to advise a defendant about the potential immigration consequences of a plea constitutes ineffective assistance of counsel.  According to the court it was "quintessentially the duty of counsel to provide her client with available advice about an issue like deportation and the failure

6

to do so 'clearly satisfies the first prong of the *Strickland* [*v. Washington* (1984) 466 U.S. 668] analysis.' " (*Padilla*, *supra*, 559 U.S. at p. 371.)  But *Padilla* "did not hold that such a claim may be brought long after [the defendant's] right to pursue available remedies [has] lapsed." (*People v. Aguilar*, *supra*, 227 Cal.App.4th at p. 73 [*Padilla* does not support an argument "that an unlabelled nonstatutory motion affords [a defendant] a remedy when, as here, relief by way of *coram nobis* is foreclosed as a matter of law"]; see also *People v. Shokur* (2012) 205 Cal.App.4th 1398, 1401.)[3]  Even if that were not the case, *Padilla* was decided three years after Garcia's conviction, and since then the United States Supreme Court has held that *Padilla* does not apply to defendants whose convictions became final before *Padilla* was decided.  (*Chaidez v. United States* (2013) ___ U.S. ___ [133 S.Ct. 1103, 1113].)

B.  *Section 1016.5*

Nor is Garcia entitled to relief under section 1016.5, which requires a trial court to explain to a defendant if he is not a citizen of this country that conviction of the charged offense "may have the consequences of deportation, exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States." (§ 1016.5, subd. (a); see also *People v. Arriaga* (2014) 58 Cal.4th 950, 962.)  A motion

---

3      In *Padilla*, the defendant, a long-time lawful permanent resident of the United States, pleaded guilty to drug offenses after his counsel told him not to worry about his immigration status because he had been in the country so long.  (*Padilla*, *supra*, 559 U.S. at p. 359.)  The defendant raised the issue in postconviction proceedings, but there is no indication there was a substantial delay as in this case, and *Padilla* did not consider issues such as timeliness, pleading, proof requirements, or writs of error *coram nobis*.  Cases are not authority for propositions not considered.  (*People v. Brown* (2012) 54 Cal.4th 314, 330.)

pursuant to section 1016.5 is a statutory motion to vacate the judgment. (See *People v. Aguilar*, *supra*, 227 Cal.App.4th at p. 68; *People v. Carty* (2003) 110 Cal.App.4th 1518, 1526.) Section 1016.5 provides in part that if "the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which [the] defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization . . . the court, on [the] defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." (§ 1016.5, subd. (b); see *Arriaga*, at p. 957.) To prevail on a section 1016.5 motion, a defendant must establish three elements: "(1) that the advisements were not given; (2) that the conviction may result in adverse immigration consequences; and (3) that the defendant would not have pled guilty or no contest had proper advisements been given." (*Arriaga*, at pp. 957-958.)[4]

Section 1016.5, subdivision (b) establishes a presumption of nonadvisement that is controlling "unless and until the prosecution rebuts it by proving it is more likely than not that the defendant *was* properly advised." (*People v. Arriaga*, *supra*, 58 Cal.4th at

---

4    Though the statute has no time bar, the defendant must also meet a burden to show due diligence in seeking the relief afforded under section 1016.5. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 203-207; see also *Kim*, *supra*, 45 Cal.4th at pp. 1096-1098 [*Zamudio* requires diligence in bringing motion under section 1016.5]; *People v. Asghedom* (2015) 243 Cal.App.4th 718, 724; *People v. Totari* (2003) 111 Cal.App.4th 1202, 1206-1207 [defendant has the burden to prove reasonable diligence].)

pp. 961, 963.)  Here, the prosecution rebutted the presumption.  The reporter's transcript of the hearing shows that the trial court fulfilled its statutory duty to give the admonishment required by section 1016.5, when it told Garcia:  "If you're not a United States citizen, you can be deported, denied admission into the United States and denied naturalization as a result of this plea" and elicited his affirmative response to the question:  "Do you understand that?"  A statutory section 1016.5 motion does not encompass Garcia's claim that his *counsel* failed to properly advise him concerning the immigration consequences of his plea.  (See *Kim*, *supra*, 45 Cal.4th at p. 1107, fn. 20 [defendant's "claim that his trial attorney was somehow ineffective is not a wrong encompassed by [section 1016.5]]; *People v. Arendtsz* (2016) 247 Cal.App.4th 613, 619; *People v. Aguilar*, *supra*, 227 Cal.App.4th at p. 71; *People v. Chien* (2008) 159 Cal.App.4th 1283, 1285.)  "[S]ection 1016.5 does not provide the trial court with jurisdiction to address a claim that a defendant was deprived of the effective assistance of counsel by counsel's failure to fully advise him or her of the immigration consequences of a guilty plea." (*Aguilar*, at p. 71; see also *Chien*, at p. 1290 ["We find no basis to conclude that the statute grants the trial court broad authority to vacate a conviction based on any error or deficiency of counsel related to advisement of adverse immigration consequences"].)

Garcia has no other remedy available to him for his claims.  He makes no claim that he is in actual or constructive custody for purposes of habeas corpus relief.  (See *People v. Villa* (2009) 45 Cal.4th 1063, 1076; *People v. Aguilar*, *supra*, 227 Cal.App.4th

9

at p. 68.)  The time to appeal his August 2007 plea or November 2007 sentence has long passed.  (§§ 1237, 1239.)  The court did not err by denying Garcia's petition.

DISPOSITION

The order is affirmed.


O'ROURKE, J.

WE CONCUR:

HALLER, Acting P. J.

McDONALD, J.