Filed 5/4/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ALICE LOPEZ,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JOSE ESCAMILLA,<br><br>    Defendant and Respondent. | 2d Civil No. B300439<br>(Super. Ct. No. 56-2018-00511082-CU-EN-VTA)<br>(Ventura County) |

In petitioning the trial court to amend a judgment to add an alter ego defendant, must the plaintiff proceed by a motion in the original action, or may plaintiff proceed by complaint in an independent action on the judgment? Either procedure will do.

FACTS

In May 2012 Alice Lopez recovered a judgment for fraud, negligent misrepresentation, and breach of fiduciary duty against Magnolia Home Loans, Inc. (Magnolia) in the amount of $157,370.

In May 2018 Lopez brought the instant separate action against Jose Escamilla, alleging the following: Escamilla incorporated Magnolia. He is the only shareholder, board member, and officer the corporation has ever had. Only one

board meeting was ever held. Only Escamilla signed the corporation's checks. The corporation's only capitalization was $1,000 supplied by Escamilla. The corporation was suspended and all of its cash was paid to Escamilla. Escamilla continues to do business at the same location. Lopez requested that Escamilla be found to be an alter ego of Magnolia.

Escamilla answered and moved for judgment on the pleadings. The motion was based on the theory that the only proper procedure for naming a person an alter ego is by motion in the original action. Escamilla claimed that a request to find a person an alter ego is not a cause of action and that a separate lawsuit is barred by limitations. The trial court granted the motion. We reverse.

DISCUSSION

I.

A motion for a judgment on the pleadings is in the nature of a general demurrer. (*Southern California Edison Co. v. City of Victorville* (2013) 217 Cal.App.4th 218, 227.) We assume the truth of all properly pleaded factual allegations. (*Ibid*.) The motion is properly granted where the facts alleged in the complaint show the defendant is entitled to judgment as a matter of law. (*Ibid*.) Our review is de novo. (*Ibid*.)

Escamilla does not contest that the complaint states facts sufficient to support a finding that he is the alter ego of the corporation. He contends, however, that a complaint in a separate action is not the proper procedure to obtain such a determination. He argues that adding an alter ego defendant is not a cause of action. (Citing, *Hennessey's Tavern, Inc. v. American Air Filter Co.* (1988) 204 Cal.App.3d 1351, 1358-1359 [an alter ego defendant has no separate primary liability to

2

plaintiff, and a claim against an alter ego defendant is not itself a claim for substantive relief].)

It does not matter whether the petition alleging Escamilla is an alter ego of the corporation is labeled a complaint or a motion, or whether the petition is assigned a case number different from the underlying action. The substantive question is whether Escamilla is, in fact, an alter ego. "The law respects form less than substance." (Civ. Code, § 3528.) Either a complaint or a motion is sufficient. (*Highland Springs Conference & Training Center v. City of Banning* (2016) 244 Cal.App.4th 267, 288 ["As an alternative to filing a section 187 motion to add a judgment debtor to a judgment, the judgment creditor may file an independent action on the judgment, alleging that the proposed judgment debtor was an alter ego of an original judgment debtor"].)

Nor is the complaint barred by the statute of limitations. A money judgment is enforceable for an initial period of 10 years following entry of the judgment (Code Civ. Proc., § 683.020) and may be renewed (Code Civ. Proc., § 683.110 et seq.). By adding an alter ego defendant, the court is not entering a new judgment, but merely inserting the correct name of the real defendant. (*NEC Electronics Inc. v. Hurt* (1989) 208 Cal.App.3d 772, 778.) This may be done at any time. (*Wells Fargo Bank, N.A. v. Weinberg* (2014) 227 Cal.App.4th 1, 7; see also, *Taylor v. Newton* (1953) 117 Cal.App.2d 752, 757 [statutes of limitations on substantive causes of action do not apply to proceedings to declare alter ego].)

3

DISPOSITION

The judgment is reversed.  Costs are awarded to appellant.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

4

Matthew P. Guasco, Judge

Superior Court County of Ventura

_____


Law Offices of Malcolm R. Tator and Malcolm R. Tator for Plaintiff and Appellant.

Richard W. Tentler for Defendant and Respondent.