Filed 8/26/24  P. v. Snowden CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARNELL D. SNOWDEN,<br><br>    Defendant and Appellant. | A168637<br><br>(San Mateo County<br>Super. Ct. No. SC049213A) |

Petitioner Darnell D. Snowden appeals from the superior court's denial of his petition for a writ of error *coram nobis*, in which he asked the court to vacate a 2001 criminal judgment of conviction entered against him and allow him to withdraw his guilty plea because the judgment was procured by misrepresentation. The court denied the motion because Snowden failed to allege any facts regarding whether he diligently acted to discover this misrepresentation and file his petition, and Snowden appealed.

Snowden's appointed appellate counsel has filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) in which he finds no arguable appellate issues and suggests we exercise our discretion to conduct an independent review of the record. Snowden has filed a supplemental letter in which he raises two issues. We decline to conduct an independent review, address Snowden's two issues, and affirm.

1

# I. BACKGROUND

## A. *Snowden's 2023 Petition*

In April 2023, Snowden, representing himself, filed his petition. He alleged that on March 28, 2023, he discovered through due diligence that his 2001 guilty pleas for violating Health and Safety Code section 11351, possession of a controlled substance for sale, and Penal Code section 12022, subdivision (c),[1] being armed with a firearm (the latter an admission of a sentence enhancement allegation), were procured through a misrepresentation. He further contended that in 2001, first, he either "was never advised of" his *Boykin-Tahl* rights[2] or was not advised of them until after he entered his guilty plea, and that the record of his waiver of his rights was " 'woefully inadequate,' "; second, the court either failed to advise him or did not advise him until after he entered his guilty plea of the direct consequences of his plea and the nature of the charges against him; third, the court failed to find a factual basis for his plea; and, fourth, his attorney did not advise him that his admission of a gang enhancement allegation could be charged as a strike in future cases.

Snowden attached to his 2023 petition a declaration by his attorney in the 2001 proceedings, which the attorney executed on April 2, 2009. The attorney stated that he "did not explain fully to Mr. Snowden that the [gang] enhancement would be charged as a strike in future cases. I told Mr. Snowden that it is highly unlikely that they would charge an allegation as a strike in the future. Clearly I was wrong. Mr. Snowden did not fully

---

[1] Undesignated statutory references are to the Penal Code.

[2] *Boykin v. Alabama* (1969) 395 U.S. 238, 243 and *In re Tahl* (1969) 1 Cal.3d 122, 132 (together establishing that a criminal defendant entering a guilty plea must be advised of, and waive, the privilege against compulsory self-incrimination, right to a jury trial, and right to confront accusers).

understand the consequences of admitting the gang enhancement allegation." Snowden also attached a partial reporter's transcript from the relevant 2001 hearing, contending the full transcript had been misplaced or destroyed.

The superior court denied Snowden's petition on the ground that Snowden, having filed his petition 22 years after entry of judgment, "fails to demonstrate that he exercised due diligence in seeking relief." The court found he set out "no facts regarding when he became aware of the issues underlying his claims or his long delay in presenting them.

Snowden filed a timely notice of appeal.

## B. *The 2001 Proceedings*

In April 2001, the San Mateo County District Attorney's office filed an information in San Mateo County Superior Court charging Snowden with five counts regarding the importation and sale of controlled substances, i.e., cocaine and cocaine base; possession of a firearm by a felon; and criminal street gang participation. These charges were accompanied by various sentence enhancement and special allegations.

According to the partial reporter's transcript attached to Snowden's 2023 petition, in July 2001, he pleaded guilty to the count one charge that he was in possession of cocaine for sale and admitted that he committed this offense for the benefit of a criminal street gang in violation of section 186.22, subdivision (b)(1) and as a felon personally armed with a firearm in violation of section 12022, subdivision (c).

Snowden also admitted the offense to which he pled was considered a "serious felony" within the meaning of section 1192.7, subdivision (c)(28). He did so after stating he understood that, as the court instructed him, "the offense that [he was] pleading to is a serious felony within the meaning of Penal Code section 1192.7(c)(28). In other words, the crime that you're pleading guilty to is a strike under the three strikes law. [¶] You understand

that if you later commit any felony, you'll be subject at that time, depending upon the number of strikes that you have, to a mandatory state prison sentence of twice the term otherwise provided or a term of at least 25 years to life, and that you'll be required to serve 80 percent of any such sentence."

The prosecutor, as stipulated to by defense counsel, stated as a factual basis for Snowden's change of plea that police found about 400 grams of cocaine salt in a car in which Snowden was found during a traffic stop, and also found a loaded handgun in a search of his bedroom.

The court found Snowden had made a knowing, intelligent, and voluntary waiver of his rights, accepted his pleas, found him guilty of count one, and found the allegations he admitted to were true. The remaining counts were dismissed.

The partial hearing transcript does not show the court advised Snowden of his *Boykin-Tahl* rights, but the first 12 pages of the transcript are missing and the available pages suggest the court did so. That is, the court advised Snowden late in the hearing, regarding his desire to also admit to violating probation, that he "would have all the same constitutional rights that I talked to you about before except a right to a jury trial," including "not having to testify . . . , being able to get the court to order anyone you wanted in your defense, and so on and so forth."

Other parts of the record confirm Snowden's 2001 pleas and conviction. The court's minute order for the hearing states that, upon being advised of his constitutional rights, Snowden entered a plea of guilty to count 1 and admitted the truth of the accompanying enhancement allegations made under sections 186.22, subdivision (b)(1) and 12022, subdivision (c), and also admitted the truth of a special allegation made under section 1192.7,

subdivision (c)(28) (stated in the order as under "count 5," the gang participation count, to which Snowden did not plead guilty).

Also, Snowden, his attorney, and the court signed a written "Change of Plea" form in which Snowden indicated he was changing his pleas regarding count one and admitting the allegations as we have indicated. Snowden acknowledged on the form that he understood the nature of the charges against him and that his attorney had explained "my constitutional rights to a trial by jury, confront witnesses against me, the process of the Court to compel the attendance of witnesses on my behalf, the right to remain silent or, if I so choose, to testify for myself." Snowden's attorney indicated on the form that he had explained its contents to Snowden, concurred in Snowden's plea changes, and stipulated to a factual basis for the pleas. The court found that Snowden "made a knowing, intelligent and voluntary waiver" of his rights.

The sentencing hearing minute order states that the court granted the People's oral motion and struck punishment for the section 186.22 gang participation enhancement allegation. It then sentenced Snowden to three years for the possession for sale count and a consecutive four-year term for the firearm enhancement, a total of seven years.

## II. DISCUSSION

Because this appeal is not from a conviction, Snowden is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 or *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) Nonetheless, although "[t]he filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues," we are "required to evaluate the specific arguments

presented in [the supplemental] brief and to issue a written opinion." (*Delgadillo*, at p. 232.)

A writ of error *coram nobis* is a narrow remedy used to secure relief when no other remedy exists. (*People v. Adamson* (1949) 34 Cal.2d 320, 326.) To obtain relief, the petitioner must show (1) " ' "some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment" ' "; (2) " 'that the "newly discovered evidence . . . [does not go] to the merits of issues tried" ' "; and (3) " ' "that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ." ' " (*People v. Kim* (2009) 45 Cal.4th 1078, 1093 (*Kim*).)

In light of these requirements, "it will often be readily apparent from the petition and the court's own records that a petition for *coram nobis* is without merit and should therefore be summarily denied" without counsel being appointed. (*People v. Shipman* (1965) 62 Cal.2d 226, 230, 232.)

We review an order denying a petition for writ of error *coram nobis* for abuse of discretion. (*Kim, supra*, 45 Cal.4th at pp. 1095–1096.)

Snowden filed his petition in April 2023, almost 22 years after he was convicted in 2001 of the subject offenses. The superior court denied his petition on the ground that he "fail[ed] to demonstrate that he exercised due diligence in seeking relief," citing *Kim* and *People v. Trantow* (1986) 178 Cal.App.3d 842, 847. *Kim* held regarding the *coram nobis* diligence requirement that " 'it is necessary to aver not only the probative facts upon which the basic claim rests, *but also the time and circumstances under which the facts were discovered*, in order that the court can determine as a matter of

6

law whether the litigant proceeded with due diligence; a mere allegation of the ultimate facts, or of the legal conclusion of diligence, is insufficient.' " (*Kim*, *supra*, 45 Cal.4th at pp. 1096–1097.) The *Kim* court explained that this requirement "reflects the balance between the state's interest in the finality of decided cases and its interest in providing a reasonable avenue of relief for those whose rights have allegedly been violated." (*Id.* at p. 1097.)

The superior court correctly found that Snowden did not provide any facts explaining his 22-year delay in discovering the purported misrepresentation and filing his petition (although, contrary to the court's finding, Snowden did state when he discovered the purported misrepresentation, in March of 2023, some weeks before he filed his petition). Having found no explanation for the delay, the court properly denied Snowden's petition for his failure to show that he acted with due diligence. (See *Kim*, *supra*, 45 Cal.4th at pp. 1093, 1096–1097.)

Snowden does not contend otherwise in his supplemental letter. Rather, he presents two separate issues that fail to contend with the superior court's denial of his petition for failure to show diligence. First, he cites Assembly Bill 333[3] without explaining its relevance to anything, including the due diligence issue. Therefore, we disregard his contention. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [points not supported with reasoned argument and citations to authority may be treated as waived].)

Second, Snowden contends that in 2001 he did not admit the section 1192.7 serious felony allegation. For this argument, he cites the abstract of

---

[3] Assembly Bill 333 (2021–2022 Reg. Sess.), passed in 2021, "amended Penal Code section 186.22 by imposing new substantive requirements relating to gang enhancements and the criminal offense of gang participation." (*People v. Burgos* (2024) 16 Cal.5th 1, 7.)

judgment, which does not refer to this allegation. This contention is contradicted by the record. The partial reporter's transcript attached to his petition, and the hearing minute order and his change of plea form, indicate he admitted to the section 1192.7 allegation and the court found it to be true. The court's finding did not empower it to impose a sentence for this allegation if Snowden did not have a prior strike (which he does not contend he had); also, the court struck imposition of punishment for the section 186.22, subdivision (b)(1) gang participation enhancement allegation that it also found to be true. This may explain why neither is referred to in the abstract of judgment.

In any event, Snowden's contention does nothing to undermine the basis for the superior court's denial of his petition based on his failure to show due diligence. Therefore, it is not a basis for reversal.

### III. DISPOSITION

The order appealed from is affirmed.

STREETER, J.

WE CONCUR:

BROWN, P. J.
DOUGLAS, J.*

---

\* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.